IN THE

TENTH COURT OF APPEALS




 
 
 
 
 
 
 


 



No. 10-11-00017-CR

 

Victor Antonio Ruiz,

                                                                                    Appellant

 v.

 

The State of Texas,

                                                                                    Appellee

 

 

 



From the 19th District
Court

McLennan County, Texas

Trial Court No. 2010-813-C1

 



ABATEMENT ORDER



 

Appellant’s brief was originally due on
or before July 13, 2011.  In a letter dated July 22, 2011, the Court provided
notice that unless a brief or satisfactory response was received within 14
days, the Court must abate the appeal and order the trial court to immediately
conduct a hearing pursuant to Rule of Appellate Procedure 38.8(b)(2, 3). 
Neither Appellant’s brief nor a response has been filed.

The Court abates this cause to the trial
court with instructions to hold a hearing to determine: (1) why a proper brief
has not been filed on Appellant’s behalf; (2)
whether Appellant’s attorney
has abandoned the appeal; (3) whether Appellant still desires to proceed with
the appeal; (4) whether Appellant is receiving effective assistance of counsel;
and (5) whether Appellant desires to represent himself or obtain new counsel.  See
Tex. R. App. P. 38.8(b)(2).

The trial court shall conduct the
hearing within twenty-one (21) days after the date of this order.  The trial
court clerk and court reporter shall file supplemental records within thirty-five
(35) days after the date of this order.

 

PER CURIAM

 

Before
Chief Justice Gray,

Justice Davis, and

Justice Scoggins

Cause
abated

Order
issued and filed August 24, 2011

Do
not publish








 






;                                      

      Appellant Bennie Finister filed suit against Appellee Charles Lumpkins alleging that Lumpkins
violated his civil rights. See 42 U.S.C.A. § 1983 (West Supp. 1997). Lumpkins is a correctional
officer at the TDCJ-ID unit in which Finister was incarcerated at the time he filed the suit. The
trial court granted Lumpkins’s motion for summary judgment on September 12, 1997, and Finister
brought this appeal.
      Finister filed his notice of appeal on October 3, and the clerk’s record was filed in this court
on October 15. Although his brief was due on November 14, no appellant's brief has been filed. 
See Tex. R. App. P. 38.6(a). Appellate Rule 38.8(a)(1) provides in pertinent part that if an
appellant does not timely file a brief, the appellate court may:
dismiss the appeal for want of prosecution, unless the appellant reasonably explains the
failure and the appellee is not significantly injured by the appellant’s failure to timely file
a brief.
Id. 38.8(a)(1).
      On November 19 we notified Finister that we would dismiss his appeal for want of prosecution unless he responded showing grounds for continuing his appeal. See id. 38.8(a)(1), 44.33. 
He responded, claiming that he did not have access to a copy of the appellate rules, and thus, did
not know when his brief was due. Four days later, Finister filed a motion for extension of time
to file his brief seeking additional time for the same reasons. We granted Finister’s request and
gave him until January 15, 1998, to file his brief, again warning him that the appeal would be
dismissed for want of prosecution if he did not file his brief at that time.
      On January 14, Finister filed a second motion for extension of time to file his brief. In this
motion, Finister sought ten additional days in which to file his brief alleging that he had been
denied access to an ink pen for approximately twenty days. We granted the motion and gave him
until January 25 to file his brief, warning him that no further extensions would be considered by
the Court.
      Finister filed a motion for injunctive relief on January 27, alleging that prison officials
continued to deny him writing materials and complaining that his research was inhibited by a
policy instituted by TDCJ-ID which allegedly limits inmates to three books from the law library
per day, three days per week. We denied this motion. Seven days later, Finister filed a third
motion for extension of time to file his brief. In this motion, Finister claims that because he has
been denied an ink pen for more than a month and because of the library policy described above,
his ability to prepare a brief has been severely restricted.
      Although Finister claims that he has not had sufficient writing materials to prepare his brief,
we note that since our November 19 notice, he has filed thirty-two pages of pleadings and
correspondence with this Court which are written in ink.


 We also note that he has prepared at
least ten pages of inmate grievance forms with TDCJ which are also written in ink.



      Almost ninety days have passed since Finister’s brief was originally due. We have granted
him two extensions and have warned him three times that his appeal is subject to dismissal for
want of prosecution. The reasons stated in Finister’s most recent motion do not constitute
reasonable grounds for failing to file a brief. Therefore, we deny Finister’s third motion for
extension and dismiss his appeal for want of prosecution. See id. 10.5(b)(1)(C), 38.8(a)(1), 42.3. 

                                                                               PER CURIAM

Before Chief Justice Davis,
      Justice Vance, and
      Chief Justice McDonald (retired)
Dismissed for want of prosecution
Opinion delivered and filed February 11, 1998
Do not publish